UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 12-1746 |
| THE MYERS LAW GROUP, LLP<br>   AND ANGELLA MYERS | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are several motions. *See* Rec. Doc. Nos. 6, 7, 11, 12, and 22. The Court rules on these motions as stated herein.

**BACKGROUND**

Plaintiff, Dwayne Alexander, asserts claims against Defendants relating to two closed proceedings previously pending before this Court. *See Alexander v. Cannon Cochran Management Services, Inc.,* Civil Action No. 09-4614 ("N"); *Worldwide Detective Agency v. Cannon Cochran Management Services, Inc*., Civil Action No. 10-1563 ("N").

**LAW AND ANALYSIS**

**I.    Motion to Remand**

Given the nature of the motion, the Court first addresses Plaintiff's motion to remand (Rec. Doc. 12). Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite

amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id*. (*citing St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

In this instance, however, Plaintiff filed its action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires a removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*. The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).

If a defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La.) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La.) (Vance, J.).[1]

Post-removal affidavits or stipulations, however, may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia,* 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id.*

determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the amount in controversy is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, Defendant has met its burden of proving by a preponderance of evidence that the requisite amount in controversy is demonstrated by the allegations of Plaintiff's petition. In reaching this conclusion, the Court notes Plaintiff's state court petition and amended petition allege that the amount of damages sought by Plaintiff "exceed the statutory amount [required] for a Jury", *i.e.*, $50,000. *See* La. Code Civ. P. arts. 1731-33. Additionally, the second paragraphs of the petitions allege that "[o]n or about October 5, 2010, defendant made an offer on the pending contract claim" for $75,000, which Plaintiff rejected. *See* Rec. Doc. 1-3, pp. 1 and 8 of 12. And, as Defendants urge, Plaintiff alleges that he has suffered "damages, loss of settlement, loss of credibility. . . ; mental anguish, loss of income past, present, and future, incurring [u]nnecessary attorney fees, and other uncalculated damages all as reasonable under the premise." *Id.* at pp. 5 and 11 of 12. On the other hand, Plaintiff, on the showing made, fails to demonstrate that it is legally certain that his recovery will be less than $75,000. The mere fact that, post-filing, Plaintiff has sought to settle his dispute with Defendants for significantly less is not determinative. *See, e.g.,* July 16, 2012 Affidavit of Dwayne G. Alexander (Rec. Doc. 6-3).

Plaintiff's belated assertion that complete diversity of citizenship is not present likewise fails. As Defendants state, for diversity purposes, the citizenship of an unincorporated entity such as a partnership is based upon the citizenship of each of its partners. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *Thomas v. Wal-Mart Stores, Inc.*, No. 11-2365, 2012 WL 1019822, *2 (E.D. La. Mar. 26, 2012) (citing *Harvey* and holding that "[f]or the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which its primary place of business is located, while partnerships and limited liability companies take the citizenship of their members."). No evidence has been offered to rebut Defendants' assertion that both of the partners of The Myers Law Group, LLP, are domiciled in Texas. *See* Rec. Docs. 1-2 and 31. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 12) is **DENIED**.

## II. Motion to Dismiss

Before the Court addresses Defendants' motion seeking dismissal of Plaintiff's claims as frivolous or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 7), **IT IS ORDERED** that Defendant's motion to strike (Rec. Doc. 22) Plaintiff's memorandum in opposition (Rec. Doc. 17) to Defendant's motion to dismiss (Rec. Doc. 7), to which motion to strike Plaintiff has not filed a response, is **GRANTED**.

On the showing made, **IT IS FURTHER ORDERED** that, for essentially the reasons stated in Defendants' supporting memoranda (Rec. Docs. 7 and 27), Defendants' motion seeking dismissal of Plaintiff's claims as frivolous or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 7) is **GRANTED**.

5

### III. Remaining Motions

Having carefully reviewed the parties' submissions, **IT IS FURTHER ORDERED** that, on the showing made, Plaintiff's motion for sanctions (Rec. Doc. 6) is **DENIED**. Additionally, on the showing made, the relevance to Plaintiff's motion for sanctions (Rec. Doc. 6) of the attached document entitled "Confidential Settlement Agreement and Release" (Rec. Doc. 6-2, pp. 2-13 of 13) is not evident. Indeed, the attached document is not referenced in the motion for sanctions. Accordingly, **IT IS FURTHER ORDERED** that Defendants' motion to strike confidential settlement communications (Rec. Doc. 11) is **GRANTED**.

### CONCLUSION

For foregoing reasons, the Court finds that 28 U.S.C. §1332 provides subject matter jurisdiction in this action, but that Plaintiff's claims should be dismissed. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 12) is **DENIED**, and Defendants' motion to dismiss (Rec. Doc. 7) is **GRANTED**. As stated herein, **IT IS FURTHER ORDERED** that the motion bearing record document number 6 is **DENIED**; the motions bearing record documents 11 and 22 are **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff, Dwayne Alexander, and Worldwide Detective Agency, Inc., **shall not** hereafter file in this Court, directly or indirectly, any additional complaints, motions, or other pleading that arises from or is premised upon the termination of Alexander's and/or Worldwide's private investigative services provided to the City of New Orleans and/or Defendant CCMSI, without first seeking leave of Court to do so, and certifying, in writing, that the proposed submission is not frivolous, presented for an improper purpose, repetitive, or duplicative, has evidentiary support, and does not contain any inappropriate, irrelevant, malicious,

6

harassing and/or insulting comments.  Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927 and/or Federal Rule of Civil Procedure 11.

New Orleans, Louisiana, this 17th day of December 2012.

_____
**Kurt D. Engelhardt**
**United States District Judge**